UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICKEY ARELIOUS BEAVER,

           Petitioner,

v.

MARY ANN KEOGH HOSS,

           Respondent.

Case No. 2:13-CV-00716-RSL-BAT

**REPORT AND RECOMMENDATON**

*Pro se* petitioner Rickey Arelious Beaver, confined at Western State Hospital pursuant to an order of acquittal by reason of insanity, petitions for 28 U.S.C. § 2254 habeas relief from his 2005 King County Superior Court judgment and order of commitment, as well as subsequent agreed orders of conditional release and revocations of conditional release. Dkt. 7. The Court recommends **GRANTING** respondent's motion to dismiss the habeas petition as, on all but one ground, barred by the one-year statute of limitations. **Dkt. 13**; *see* 28 U.S.C. § 2244(d). To the extent Mr. Beaver challenges the January 11, 2013 decision revoking his latest conditional release, the dismissal should be without prejudice for failure to exhaust state-court remedies because the matter remains pending before the state court of appeals. *See Beaver v. State*, No. 70022-7-I (Wash. Ct. App., filed Feb. 21, 2013), *located at* http://dw.courts.wa.gov/ (last accessed July 18, 2013). The Court also recommends **DENYING** as moot Mr. Beaver's pending

REPORT AND RECOMMENDATON- 1

motions for medical records and immediate release. **Dkts. 12, 18, 19**. The Court recommends **DENYING** issuance of a certificate of appealability.

## BACKGROUND

On August 4, 2005, Mr. Beaver was acquitted of residential burglary on the basis of insanity and committed for treatment at Western State Hospital. Dkt. 13-1. He did not appeal this order of commitment. Since his original commitment, Mr. Beaver has been conditionally released, among other times, on August 19, 2010, and July 27, 2011, and had his conditional release revoked on January 7, 2010, and on January 11, 2013. Dkt. 13-3; Dkt. 13-11; Dkt. 14, at 111–21.

With respect to the January 2010 revocation of conditional release, Mr. Beaver filed what were eventually handled as two personal restraint petitions ("PRPs"). The state supreme court commissioner dismissed one of the PRPs as duplicative of another pending before the state court of appeals. Dkt. 13-7 (Case No. 84229-9). Mr. Beaver did not challenge that decision and it became final on September 14, 2010. Dkt. 13-8. On July 25, 2011, the state court of appeals dismissed the other PRP for failure to demonstrate that it was timely or that it entitled him to relief. Dkt. 13-9 (Case No. 65980-9-I). Mr. Beaver did not petition for review of that decision before the state supreme court, and the decision became final on September 23, 2011. Dkt. 13-10 (Case No. 65980-9-I).

With respect to the January 2013 revocation of conditional release, Mr. Beaver filed a notice of appeal on February 21, 2013. Dkt. 13-12 (Case No. 04-1-05852-6). His appeal remains pending before the state court of appeals. *See Beaver v. State*, No. 70022-7-I (Wash. Ct. App., filed Feb. 21, 2013), *located at* http://dw.courts.wa.gov/ (last accessed July 18, 2013); Dkts. 13-13, 13-14.

1  Mr. Beaver may also be conceivably challenging agreed orders of conditional release
2 dated August 19, 2010, and July 27, 2011. *See* Dkt. 14, at 111–21.
3  Mr. Beaver filed his present § 2254 habeas petition on April 23, 2013. Dkt. 1.

## DISCUSSION

5  The federal one-year limitations period runs from "the date on which the judgment
6 became final by the conclusion of direct review or the expiration of the time for seeking such
7 review." 28 U.S.C. § 2244(d)(1)(A). That limitations period is tolled during the pendency of
8 state collateral attacks, 28 U.S.C. § 2244(d)(2), but tolling does not occur if those state collateral
9 attacks are filed after the federal statute of limitations has already run.

10  All but one of Mr. Beaver's conceivable challenges is time-barred from federal habeas
11 review. Omitting weekends and holidays, the statute expired on Mr. Beaver's original,
12 unappealed August 4, 2005 order of commitment no later than September 5, 2006. *See* Wash.
13 R.A.P. 5.2(a), 18.6; *see also* Dkt. 17, at 3. The statute of limitations on the two PRP challenges
14 to the January 7, 2010 revocation of conditional releases were finalized on September 14, 2010,
15 and September 23, 2011, and thus also expired before the federal habeas filing date of April 23,
16 2013. *See* Dkts. 13-8, 13-10. Similarly, the statute of limitations on Mr. Beaver's unappealed,
17 agreed orders of conditional release on August 19, 2010, and August 26, 2011, expired before
18 the federal habeas filing date of April 23, 2013. *See* Dkt. 14, at 111–21.

19  Mr. Beaver's challenge to the January 11, 2013 revocation of conditional release is not
20 time-barred. Dkt. 13-11. Mr. Beaver is, however, presently appealing the January 2013
21 revocation before the state court of appeals. *See Beaver v. State*, No. 70022-7-I (Wash. Ct. App.,
22 filed Feb. 21, 2013), *located at* http://dw.courts.wa.gov/ (last accessed July 18, 2013). It should
23 therefore be dismissed without prejudice for failure to exhaust state-court remedies. *See* 28

REPORT AND RECOMMENDATON- 3

U.S.C. § 2254(c).

Because the grounds raised in Mr. Beaver's federal habeas petition are either time-barred or unexhausted, his pending motions for medical records and for immediate release should be denied as moot.  Dkts. 13, 18, 19.  The Court recommends denying issuance of a certificate of appealability because no jurist of reason could disagree with this Court's evaluation of his habeas claims or would conclude that the issues presented deserve encouragement to proceed further. *See* 28 U.S.C. § 2253(c)(3); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## CONCLUSION

The Court recommends **GRANTING** respondent's motion to dismiss the habeas petition as, on all but one ground, barred by the one-year statute of limitations.  **Dkt. 13**; *see* 28 U.S.C. § 2244(d).  To the extent Mr. Beaver challenges his January 11, 2013 decision revoking conditional release, the dismissal should be without prejudice for failure to exhaust state-court remedies.  The Court also recommends **DENYING** as moot Mr. Beaver's other pending motions.  **Dkts. 12, 18, 19**.  The Court recommends **DENYING** issuance of a certificate of appealability.

Any objections to this Recommendation must be filed and served upon all parties no later than **August 12, 2013.**  The Clerk should note the matter for **August 16, 2013**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed ten pages.  The failure to timely object may affect the

///

1  right to appeal.

2       DATED this 22nd day of July, 2013.

3

4                                         _____
                                          BRIAN A. TSUCHIDA
5                                         United States Magistrate Judge

REPORT AND RECOMMENDATON- 5